24-2759-cv
*Savage v. Rabobank Medical Plan*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of February, two thousand twenty-six.

Present:
> GUIDO CALABRESI,
> REENA RAGGI,
> EUNICE C. LEE,
> > *Circuit Judges.*

---

SHERI SAVAGE, EXECUTRIX OF THE ESTATE OF CINDY SIEDEN,

> *Plaintiff-Appellant,*

> v.                                                    No. 24-2759-cv

RABOBANK MEDICAL PLAN,

> *Defendant-Appellee.*

---

For Plaintiff-Appellant:          ELIZABETH K. GREEN, Green Health Law APC, Glendale, CA; Elizabeth Hopkins, Kantor & Kantor, LLP, Northridge, CA.

For Defendant-Appellee:          JOHN HOUSTON POPE, Epstein Becker & Green, P.C., New York, NY.

Appeal from a September 30, 2024 judgment of the United States District Court for the Southern District of New York (Gardephe, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Sheri Savage ("Appellant"), the sister and executrix of the deceased Cindy Sieden and aunt of J.S., appeals the district court's grant of summary judgment in favor of Defendant-Appellee Rabobank Medical Plan (the "Plan"), whose denial of J.S.'s healthcare benefits Appellant challenged under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132. J.S., who suffered from a severe eating disorder and mental health conditions, was a covered dependent under the Plan, in which her now-deceased mother was a participant. J.S.'s aunt, Sheri Savage, filed this ERISA action seeking unpaid benefits for J.S.'s treatment, and now appeals the district court's grant of summary judgment in favor of the Plan. We assume the parties' familiarity with the remaining underlying facts, the procedural history, and the issues on appeal, to which we refer only as necessary to explain our decision to affirm.

## BACKGROUND

Appellant, as executrix of Cindy Sieden's estate, appeals the Plan's denial of continued residential treatment for J.S.'s eating disorder at Avalon Hills Adolescent Treatment Facility ("Avalon"). J.S. was a covered dependent under the Plan from 2016–2017.[1] The Plan delegates discretionary authority to UnitedHealthcare, and its mental health claims administrator, United Behavioral Health ("UBH"), to interpret plan terms and make final benefit determinations,

---

1 J.S.'s mother, Cindy Sieden, died in May 2018.

including Level of Care ("LOC") decisions under UBH's LOC Guidelines. UBH, relying on its LOC Guidelines, refused to continue payment for J.S.'s residential treatment and partial hospitalization treatment.

Beginning at eight years old, J.S. developed an eating disorder, self-harming behavior, and depression. She tried outpatient care but continued to deteriorate, leading to a residential admission at a facility in Connecticut in March 2015. She was discharged after weight restoration and attended outpatient treatment from September 2015 to May 2016.

On September 22, 2016, she was admitted to Avalon for residential treatment. UBH initially approved residential treatment for J.S. from September to December 2016 and then approved a partial hospitalization program ("PHP") from December 2016 to February 26, 2017, but determined, based on its LOC Guidelines and following third-party peer review by physicians, record review, and discussions with the facility, that J.S. no longer met the criteria for either residential or PHP care and could be treated at a less intensive level. Despite UBH's denial of coverage, J.S. remained in residential care at Avalon, paid for entirely by her mother. In late 2017, after J.S.'s mother was diagnosed with terminal cancer and J.S.'s condition began to worsen, Avalon Hills again requested residential authorization. UBH denied that request and the related appeal. After J.S.'s discharge in May 2018, Avalon submitted post-service claims to UBH in March 2019 covering J.S.'s "entire treatment at Avalon" with a "full set of treatment records." UBH did not issue a decision on these post-service claims.

Applying the arbitrary and capricious standard of review because the Plan confers discretion on the claims administrator, the district court upheld UBH's use of the LOC Guidelines

3

as consistent with the Plan's medical necessity framework and rejected Appellant's argument that *Wit v. United Behavioral Health*, No. 14-cv-2346, 2019 WL 1033730 (N.D. Cal. Mar. 5, 2019), *aff'd in part, rev'd in part & remanded*, 79 F.4th 1068 (9th Cir. 2023), precluded reliance on those Guidelines. The district court further held that Avalon's later post-service submission functioned as an additional appeal rather than a claim requiring a new merits determination. Hence, the district court determined that it did not alter the standard of review. The district court granted summary judgment for the Plan and denied Appellant's cross-motion for summary judgment. On appeal, Appellant argues that the district court erred in denying the benefit claims because (1) it was bound by *Wit*'s determination regarding UBH Level of Care Guidelines, (2) UBH's denial of each benefit claim was arbitrary and capricious, and (3) the post-service claims were subject to *de novo* review and are supported by unrebutted medical evidence.

## STANDARD OF REVIEW

"We review a district court's decision to grant summary judgment *de novo*, construing the evidence in the light most favorable to the party against which summary judgment was granted and drawing all reasonable inferences in its favor." *Halo v. Yale Health Plan, Dir. of Benefits & Recs. Yale Univ.*, 819 F.3d 42, 47 (2d Cir. 2016) (quotation marks omitted). "[A] denial of benefits challenged under [ERISA § 502(a)(1)(B)] is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Krauss v. Oxford Health Plans, Inc.*, 517 F.3d 614, 622 (2d Cir. 2008) (quotation marks omitted) (alteration in original). "If the insurer establishes that it has such discretion, the benefits decision is reviewed under the arbitrary

4

and capricious standard." *Id.* "Under the arbitrary and capricious standard of review, we may overturn a decision to deny benefits only if it was without reason, unsupported by substantial evidence or erroneous as a matter of law." *Pagan v. NYNEX Pension Plan*, 52 F.3d 438, 442 (2d Cir. 1995) (quotation marks omitted). "Substantial evidence in turn is such evidence that a reasonable mind might accept as adequate to support the conclusion" and "requires more than a scintilla but less than a preponderance." *Miller v. United Welfare Fund*, 72 F.3d 1066, 1072 (2d Cir. 1995) (quotation marks omitted).

## DISCUSSION

### I.  Preclusive Effect of *Wit*

Appellant argues that UBH violated the Plan by denying benefits in reliance on LOC Guidelines that were adjudicated as inconsistent with prevailing medical standards in *Wit*. In *Wit*, a district court in the Northern District of California held, after a bench trial, that UBH's LOC Guidelines, which were effectively the same Guidelines at issue here, deviated from generally accepted standards of care by overemphasizing acute symptoms, failing to address relapse prevention, and lacking adolescent-specific criteria, and concluded that the Guidelines were "riddled with requirements that provided for narrower coverage than is consistent with generally accepted standards of care." 2019 WL 1033730, at *34, *48. Although the Ninth Circuit reversed the district court in *Wit*, Appellant contends that *Wit* collaterally estops UBH and the Plan from relitigating the Guidelines' validity because the Ninth Circuit left intact the district court's findings that the Guidelines did not reflect generally accepted standards of care.

As an initial matter, Appellant did not preserve a collateral estoppel argument in the district

5

court or otherwise raise a preclusion issue. Rather, Appellant relied on *Wit* more generally as persuasive authority before the district court in support of its argument that the LOC Guidelines were inconsistent with prevailing medical standards, contrary to the Plan requirements, and it was only on this basis that the district court considered *Wit*. Therefore, the collateral estoppel argument has been forfeited. *Greene v. United States*, 13 F.3d 577, 586 (2d Cir. 1994) ("[I]t is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal.").

In any event, *Wit* does not support Appellant's argument that the district court erred in denying the benefit claims, in part because the Ninth Circuit held that the LOC Guidelines need not be coextensive with generally accepted standards of care ("GASC"). *See Wit*, 79 F.4th at 1088 ("[T]o the extent the district court interpreted the Plans to require coverage for all care consistent with GASC, the court erred . . . . In short, while the Plans mandated that a treatment be consistent with GASC, they did not compel UBH to cover *all* treatment that was consistent with GASC.").

## II.     Adequacy of District Court's Review of UBH's Denial of Benefits

Appellant argues that the district court failed to consider "all comments, documents, records, and other information submitted by the claimant," as required by the Plan, and its decision failed to reflect a rational connection between the evidence and the outcome of the claims. Appellant's Br. at 31-33 (quoting 29 C.F.R. § 2560.503-1(h)(2)(iv)). There is evidence in the record in support of J.S.'s continued hospitalization, particularly her treating providers' detailed recommendations to continue residential and PHP care. However, there is also evidence to

6

support a finding at various points during her treatment that a lower level of care was appropriate in light of J.S.'s attainment of a healthy weight and her cooperation with her programming.

Here, the Plan delegates UHC full discretionary authority to (i) construe and interpret the terms of the Plan, (ii) determine the validity of charges submitted to UHC under the Plan, and (iii) make final binding determinations concerning the availability of Plan benefits. Joint App'x 36. As such, deferential review applies. *See Krauss*, 517 F.3d at 622. Given the substantial deference afforded to ERISA administrators, the record here does not overcome the requisite standard to warrant overturning the denial of benefits.

## III. Post-Service Claim for Benefits

Appellant makes a final argument that because the post-service claim submitted by Avalon after J.S.'s discharge remained unprocessed by the Plan at the time of the appeal to the district court, it converts the standard of review from deferential review to *de novo* review, arguing that the Plan expressly recognizes "post-service claims" and that where an administrator fails to issue a timely decision on a claim, there is "no exercise of discretionary authority to defer to," and courts apply *de novo* review. Appellant's Br. at 22-23, 39-40. Appellant contends that the district court wrongly accepted UBH's view that it need not decide the post-service claim because it was a "third appeal" of the partial-hospitalization denial. *Id.* at 2, 39-40. Appellant argues that UBH's refusal to adjudicate the post-service claim means the district court should have independently determined entitlement to benefits for that period. Consequently, for the post-service period, Appellant asserts that the record is "overwhelming and unrebutted" in showing that continued residential care was medically necessary and that UBH never offered contrary evidence

because it never decided the claim.  *Id.* at 39-41.   Appellant therefore asks this Court to award benefits outright or remand for the district court to do so.

We reject Appellant's argument.   ERISA "requires only a single mandatory review," which must be provided in a timely manner, but any additional "voluntary appeals" do not require "ERISA safeguards."   *DaCosta v. Prudential Ins. Co. of Am.*, No. 10-CV-720, 2010 WL 4722393, at *5-6 (E.D.N.Y. Nov. 12, 2010) (citing 29 U.S.C. § 1133(2)).   Here, UBH did decide J.S.'s eligibility for residential and PHP coverage for the periods at issue in the original dispute, and the 2019 post-service submission appears to largely repackage claims for services that had already been denied with overlapping dates.   Appellant fails to cite any binding precedent that would morph the standard of review on the basis of unprocessed post-service claims or would otherwise require additional review of duplicative post-service claims.   Whatever may be the circumstance in other cases, in this one, we believe that the district court's determination was proper.

*        *        *

For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8